IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: | : |
| | : |
| ASTROPOWER INC. SECURITIES | : Civil Action No. 03-260-JJF |
| LITIGATION | : |
| | : |

Norman M. Monhait, Esquire of ROSENTHAL, MONHAIT, GROSS & GODDESS, P.A., Wilmington, Delaware.
Of Counsel: Eric L. Zagar, Esquire and Thomas W. Grammar, Esquire of SCHIFFRIN & BARROWAY LLP, Radnor, Pennsylvania.
Lead Counsel for Plaintiffs.

Edward M. McNally, Esquire, Lewis H. Lazarus, Esquire, and Joseph S. Naylor, Esquire of MORRIS JAMES HITCHENS & WILLIAMS LLP, Wilmington, Delaware.
Attorneys for Defendant Thomas J. Stiner

**MEMORANDUM OPINION**

February 7, 2006
Wilmington, Delaware

Farnan, District Judge.

Pending before the Court is Defendant Thomas J. Stiner's ("Stiner") Motion To Dismiss The Consolidated Amended Class Action Complaint (D.I. 41). By his Motion, Stiner seeks dismissal of both counts of the Consolidated Amended Class Action Complaint (D.I. 34) (the "Amended Complaint") under Federal Rules of Civil Procedure 9(b) and 12(b)(6) and the Private Securities Litigation Reform Act of 1995 ("PSLRA"). Stiner seeks dismissal of the amended complaint only with respect to himself; the other Defendant, Allen M. Barnett ("Barnett") has separately filed an Answer (D.I. 38). For the reasons discussed below, the Court will grant Stiner's Motion.

## BACKGROUND

Lead Plaintiff, Leeb Capital Management, Inc., brought this action on its own behalf and as a class action on behalf of a class of shareholders of AstroPower, Inc. ("AstroPower") who purchased AstroPower stock between May 7, 2001 and April 1, 2003 (the "class period"). AstroPower developed, manufactured, marketed, and sold solar electric power products. Defendant Barnett was AstroPower's President, and Chief Executive Officer. Defendant Stiner was Chief Financial Officer, Senior Vice President, and a director. On February 2, 2004, AstroPower filed a petition for Chapter 11 bankruptcy reorganization. That proceeding has since been converted to a Chapter 7 liquidation.

1

Count I of Plaintiffs' Amended Complaint alleges that Defendants violated § 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 by fraudulently overstating AstroPower's revenue in a series of press releases and filings with the SEC. Plaintiffs contend that, as a result of Defendants' violations, the market price of AstroPower's stock was artificially inflated during the class period and that Plaintiffs would not have purchased the stock at that price if they had been fully informed. Count II alleges that, under § 20 of the Exchange Act, Defendants qualify as "controlling persons" of AstroPower and are therefore, secondarily liable to Plaintiffs as well as primarily liable under § 10(b) and Rule 10b-5.

By his Motion, Stiner contends that the Court should dismiss the Amended Complaint because, under the heightened pleading requirements of the PSLRA, the Amended Complaint fails to state a claim upon which relief can be granted, and because the Amended Complaint fails to allege sufficient facts from which the Court could conclude that Stiner was a "controlling person" within the meaning of § 20 of the Exchange Act.

## DISCUSSION

### I. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The

purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993). When considering a motion to dismiss, a court must accept as true all allegations in the complaint and must draw all reasonable factual inferences in the light most favorable to the plaintiff. Neitzke v. Williams, 490 U.S. 319, 326 (1989); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255 (3d Cir. 1994). The Court is "not required to accept legal conclusions either alleged or inferred from the pleaded facts." Kost, 1 F.3d at 183. Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45 (1957). The burden of demonstrating that the plaintiff has failed to state a claim upon which relief may be granted rests on the movant. Young v. West Coast Industrial Relations Assoc., Inc., 763 F.Supp. 64, 67 (D. Del. 1991) (citations omitted).

II. **Whether The Amended Complaint States A Claim Against Stiner Under § 10(b) Of The Exchange Act And Rule 10b-5**

To state a claim for securities fraud under § 10(b) and Rule 10b-5, a private plaintiff must plead the following elements: "(1) that the defendant made a misrepresentation or omission of (2) a material (3) fact; (4) that the defendant acted with knowledge or recklessness and (5) that the plaintiff reasonably relied on the misrepresentation or omission and (6) consequently

3

suffered damage." In re Advanta Corp. Sec. Litig., 180 F.3d 525, 537 (3d Cir. 1999) (quoting In re Westinghouse Sec. Litig., 90 F.3d 696, 710 (3d Cir. 1996)). In addition, the PSLRA imposes a heightened standard of factual particularity on allegations of securities fraud, requiring that "the complaint shall specify each statement alleged to have been misleading, the reason or reasons why the statement is misleading, and, if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). "The particularity described in § 78u-4(b)(1) extends that of Rule 9(b) and requires plaintiffs to set forth the details of allegedly fraudulent statements or omissions, including who was involved, where the events took place, when the events took place, and why any statements were misleading." In re Rockefeller Center Properties, Inc. Sec. Litig., 311 F.3d 198, 217 (3d Cir. 2002). Finally, the complaint must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. 78u-4(b)(2).

Stiner contends that the Amended Complaint fails to state a claim upon which relief can be granted under § 10(b) and Rule 10b-5. He bases this contention on three arguments: (1) the Court should give no weight to Plaintiffs' allegations involving

information obtained from unnamed AstroPower employees because the Amended Complaint does not describe them with sufficient particularity or give a reason why it fails to name them (D.I. 42 at 9); (2) the Amended Complaint is not pleaded with the particularity required by the PSLRA (Id. at 21); and (3) the Amended Complaint does not raise a strong inference of scienter (Id. at 30).

    A.   Whether The Court Should Consider Allegations Derived From Confidential Sources

In interpreting the heightened pleading standards of the PSLRA, the Third Circuit has rejected "any notion that confidential sources must be named as a general matter." California Public Employees' Retirement System v. Chubb Corp., 394 F.3d 126, 146 (3d Cir. 2004) ("CALPERS") (quoting Novak v. Kasaks, 216 F.3d 300, 314 (2d Cir. 2000)). All that is required is that the confidential source be "described in the complaint with sufficient particularity to support the probability that a person in the position occupied by the source would possess the information alleged." Id. Specifically, in order to satisfy the Court that the confidential sources obtained their information from firsthand knowledge rather than rumor, the Amended Complaint must set forth when the sources were employed by AstroPower, when they acquired the information, and how they had access to the information. Id. at 148.

The Court concludes that, with one exception, the Amended

5

Complaint describes its confidential sources with sufficient particularity.[1] For each of nine of the ten confidential witnesses, the Amended Complaint specifies the dates of the witness's employment. It also either specifies when the witness acquired the information alleged or provides facts to indicate that the information was acquired on an ongoing basis as a result of the witness's position within AstroPower. With regard to most of the information alleged, the Amended Complaint adequately explains how the witness had access to the information. Although there are some instances in which the Amended Complaint does not fully explain how a confidential witness had access to the information alleged, on the whole, the Court is satisfied, assuming the truth of the allegations in the Amended Complaint, that each confidential witness was in a position to possess the information alleged, and that he obtained the information from firsthand knowledge rather than rumor. Therefore, the Court will consider the allegations derived from confidential sources.

    B.   <u>Whether The Amended Complaint Satisfies The Heightened Pleading Requirements Of The PSLRA</u>

The Court concludes that the Amended Complaint does not satisfy the heightened pleading requirements of the PSLRA. Among

---

[1] For the confidential witness identified as "Vice President," the Amended Complaint specifies neither when he was employed by AstroPower, when he acquired the information alleged, nor how he acquired the information alleged. Accordingly, the Court will disregard the information attributed to this confidential witness.

6

the elements that a plaintiff must allege to state a claim for violation of § 10(b) of the Exchange Act and Rule 10b-5 is that the defendant made a misrepresentation or omission of a material fact. <u>Advanta</u>, 180 F.3d at 537. In alleging, upon information and belief, that Defendants' statements misrepresented or omitted material facts, Plaintiffs "must state with particularity all facts on which that belief is formed." 15 U.S.C. § 78u-4(b)(1). Here, Plaintiffs offer the following reasons for believing that Defendants' statements misrepresented or omitted material facts:

> a. During the relevant time periods, AstroPower was booking revenue when no product had been ordered, shipped, or paid for;
> b. During the relevant time periods, AstroPower was booking receivables as revenue when there was no reasonable expectation of collectability;
> c. During the relevant time periods, AstroPower was booking revenues before shipment had occurred, contrary to its stated revenue recognition policy;

(D.I. 34 at 26, 27, 29 and 34.) and

> d. During the relevant time periods, AstroPower's receivables were not being timely paid because customers were dissatisfied with the quality of AstroPower's products, because AstroPower was deliberately shipping the wrong products so it could declare the shipment as revenue, and/or because AstroPower was deliberately shipping customers underpacked boxes so it could declare the full amount ordered as revenue even though the full amount ordered was not shipped.

(<u>Id.</u> at 34.)

These reasons are not supported by sufficiently particularized allegations of fact. In <u>Greebel v. FTP Software, Inc.</u>, the First Circuit concluded that the plaintiff had not

7

pleaded allegations of improper revenue recognition with sufficient particularity because:

> The allegations in the Complaint do not include such basic details as the approximate amount by which the revenues and earning were overstated, . . . the products involved . . . the dates of any of the transactions; or the identities of any of the customers or . . . employees involved in the transactions. We do not say that each of these particulars must appear in a complaint, but their complete absence in this case is indicative of the excessive generality of these allegations."

194 F.3d 185, 204 (1st Cir. 1999); see also Klein v. ICT Group, Inc., No. 97-6554, 1998 WL 372559, *4 (E.D. Pa. May 19, 1998) (finding insufficient particularity where the plaintiff did "not identify which customers' transactions were misbooked, when the fraudulent accounting entries occurred, or what impact these entries had on the financial information disclosed in the prospectus"). Although here, the Amended Complaint specifically identifies one affected customer, ATERSA, it is lacking in any of the other "basic details" enumerated in Greebel. Especially problematic is the complete absence of any allegation with regard to the amount of money involved in the alleged revenue recognition irregularities. Without some properly supported allegation of the amount by which Defendants overstated AstroPower's revenue, the Court cannot conclude that Plaintiffs have alleged, with the particularity required by the PSLRA, that Defendants' alleged misrepresentations or omissions of fact were material. Therefore, the Court concludes that Count I of the

Amended Complaint fails to state a claim against Stiner under § 10(b) of the Exchange act and Rule 10b-5.[2]

Leave to amend is ordinarily granted when a complaint is dismissed on particularity grounds alone. CALPERS, 394 F.3d at 165. Therefore, the Court will grant Plaintiffs leave to amend the Amended Complaint.

### III. Whether The Amended Complaint States A Claim Against Stiner Under § 20(a) Of The Exchange Act

Section 20(a) of the Exchange act provides that

> Every person who, directly or indirectly, controls any person liable under any provision of this chapter or of any rule or regulation thereunder shall also be liable jointly and severally with and to the same extent as such controlled person to any person to whom such controlled person is liable, unless the controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the violation or cause of action.

15 U.S.C. § 78t(a). Accordingly, in order to state a claim under § 20(a), Plaintiffs must first adequately plead an independent violation of the Exchange Act by some person controlled by Stiner. In re Merck & Co., Inc. Sec. Litig., 432 F.3d 261, 275 (3d Cir. 2005). Here, the Amended Complaint alleges only that "[a]lthough not named as a defendant herein, AstroPower is liable to Lead Plaintiff and the Class under Section 10(b) of the Exchange Act." (D.I. 34 at 48.) In light of the Court's

---

[2] Having reached this conclusion the Court need not address Stiner's contention that the Amended Complaint does not state with particularity, facts giving rise to a strong inference of scienter as required by § (b)(2) of the PSLRA.

conclusion that Count I does not state a claim under § 10(b) and Rule 10b-5, this conclusory allegation is insufficient to plead an independent violation by AstroPower.  Therefore, the Court concludes that Count II does not state a claim against Stiner.

## CONCLUSION

For the reasons discussed, the Court concludes that Count I of the Amended Complaint does not meet the particularity requirements of § (b)(1) of the PSLRA and thus, does not state a claim against Stiner under § 10(b) of the Exchange Act and rule 10b-5.  Therefore, under § (b)(3)(A) of the PSLRA, the Court must dismiss Count I with respect to Stiner.  The Court further concludes that Count II does not state a claim against Stiner under § 20(a) of the Exchange Act.  Therefore, the Court will dismiss the entire Amended Complaint with respect to Stiner, however, the Court will grant Plaintiffs leave to amend.

An appropriate order will be entered.